**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-03028-NYW-STV

YONGFENG LI, derivatively on behalf of Palantir
Technologies Inc.,

Plaintiff,

and EZRA CATTAN;
LISA CATTAN; and
SAUL CATTAN,

Intervenor Plaintiffs,

vs.

ALEXANDER C. KARP;
DAVID GLAZER;
SHYAM SANKAR;
STEPHEN COHEN;
ALEXANDER MOORE;
SPENCER RASCOFF;
ALEXANDRA SCHIFF;
LAUREN FRIEDMAN STAT; and
PETER THIEL,

Defendants,

and PALANTIR TECHNOLOGIES INC., a Delaware Corporation,

Nominal Defendant.
_____

**REPORTER'S TRANSCRIPT**
**(Telephonic Status Conference)**
_____

        Proceedings before the HONORABLE NINA Y. WANG,
Judge, United States District Court, for the District of
Colorado, commencing at 11:04 a.m. on the 23rd day of
February, 2023, Alfred A. Arraj United States Courthouse,
Denver, Colorado.

# A P P E A R A N C E S

**FOR THE PLAINTIFF:**
TIMOTHY WILLIAM BROWN, The Brown Law Firm P.C., 767 Third
Avenue, Suite 2501, New York, NY 10017
KAREN JEAN CODY-HOPKINS, Cody-Hopkins Law Firm, 4610 South
Ulster Street, Suite 150, Denver, CO 80237
Thomas J. McKenna, Gainey McKenna & Egleston, 501 Fifth
Avenue, 19th Floor, New York, NY 10017

**FOR INTERVENOR PLAINTIFFS:**
JOSHUA M. RUBIN, JOSEPH H. WEISS, and DAVID KATZ, Weiss
Law LLP, 305 Broadway, 7th Floor, New York, NY 10007

**FOR DEFENDANTS:**
NICHOLAS ANGELO CASELLI, Freshfields Bruckhaus Deringer US
LLP, 601 Lexington Avenue, 31st Floor, New York, NY 10022
BORIS FELDMAN, Freshfields Bruckhaus Deringer US LLP, 855
Main Street, Redwood City, CA 94063
HOLLY STEIN SOLLOD, Holland & Hart LLP, P. O. Box 8749,
555 17th Street, Suite 3200, Denver, CO 80201-8749

1                        **FEBRUARY 23, 2023**

2          (Proceedings commence at 11:04 a.m.  )

3          THE COURT:  Good morning.  We are on the record in

4   22-cv-03028-NYW-STV-NRN, Li v. Karp, et al.

5          Could I have appearances of counsel, please.

6          MR. BROWN:  Hello.  Good afternoon -- or actually

7   good morning, I am calling in from the East Coast.  My

8   name is Tim Brown from the Brown Law Firm.  I represent

9   plaintiff, Youngfeng Li, in this case.

10          MR. MCKENNA:  Good morning, Your Honor, this is

11   Thomas J. McKenna.  I represent Plaintiff Li, as well as

12   plaintiff Palantir in the related case that is the subject

13   of the motion to consolidate.

14          MS. CODY-HOPKINS:  Your Honor, this is Karen

15   Cody-Hopkins.  I also represent plaintiff Li.

16          MS. SOLLOD:  Good morning, Your Honor, this is

17   Holly Stein Sollod of Holland & Hart appearing for

18   defendants.  Along with me are Boris Feldman and Nicholas

19   Caselli of Freshfields.

20          THE COURT:  Good morning, counsel.

21          MR. FELDMAN:  I apologize, Your Honor.  Boris

22   Feldman, and I wanted to introduce our client, Allison

23   Chung, who is calling in from the Palantir legal

24   department.  Thank you.

25          MR. WEISS:  Good morning, Your Honor.  My name is

1    Joseph Weiss of the Weiss Law Firm, and with me is Joshua

2    Rubin and David Katz.  We are here representing the

3    proposed intervenors.

4          THE COURT:  Good morning.  I think at this point I

5    have everyone; is that right?  Okay.

6          MR. BROWN:  For plaintiff, yes, Your Honor.

7          THE COURT:  Thank you.  I said the initials "NRN"

8    after mine, and it is actually STV.

9          Okay.  So we are here for a status conference.

10   There are a few issues in front of us, and I wanted to use

11   the status conference so that I could understand where the

12   various parties are with respect to the request in this

13   case.

14         So, as I understand it, there is a securities

15   action that is pending in a different court.  And so if I

16   understand it, all parties, including the proposed

17   intervenors, seek a stay with respect to this proceeding

18   pending the motion to dismiss in related securities

19   action; is that correct?

20         MS. BROWN:  Yes, Your Honor.

21         Your Honor, this is Tim Brown for plaintiff Li.

22   Sorry, I think I was talking at the same time as somebody

23   else.  This is Tim Brown for plaintiff Li.  Yes, we are

24   seeking a stay of this case pending a resolution of the

25   motion to dismiss in the related securities class action.

1    And, of course, as you know, there is the other pending

2    motion to consolidate and appoint lead counsel.  But, yes,

3    Your Honor.

4          MR. FELDMAN:  I am sorry, I didn't mean to

5    interrupt.  Boris Feldman.  Just one clarification, Your

6    Honor, when you said the "securities action that is

7    pending in a different court," I just wanted to make

8    clear, it is in the District of Colorado, it is just in

9    front of a different judge.

10          THE COURT:  Right.  I apologize.  I just mean that

11   I am actually not in charge of that one.

12          So the briefing for the securities class action is

13   supposed to conclude on or before July 19, 2023, as it

14   sits right now.  Obviously that doesn't mean that Chief

15   Judge Brimmer will have an opportunity to actually rule on

16   that any time around that time, so I wanted to make sure

17   that we were all on the same page about that briefing, and

18   it sounds like we are.

19          Now, there is also, as you all indicate, a pending

20   motion to consolidate here with respect to this case and a

21   later filed case that is currently pending before Judge

22   Neureiter, that is Docket Entry 25; is that correct?

23          MR. BROWN:  Your Honor, this is Tim Brown for

24   plaintiff Li.  That's correct.

25          THE COURT:  Okay.  So then as a component of that

 1    motion to consolidate, there is also a request to appoint

 2    co-lead counsel for these cases.  Now, as I understand it,

 3    in the motion to intervene, the proposed intervenors do

 4    not oppose a stay pending the securities class action, nor

 5    do they oppose the consolidation of this action with the

 6    action in front of Judge Neureiter, but they do oppose the

 7    appointment of a co-lead counsel at this juncture; is that

 8    correct?

 9         MR. WEISS:  Your Honor, it is correct.  The only, I

10    guess, addition to that is that we have been pursuing a

11    statutory process provided for by Delaware.

12         THE COURT:  Right.  That is the 220 action;

13    correct?

14         MR. WEISS:  Exactly.  Yes, Your Honor, and we

15    requested those documents, and the defendants have agreed

16    to provide us with documents, but we don't know yet how

17    comprehensive that is going to be, what they are going to

18    produce, and when they are going to produce them, although

19    I think they are going to start producing shortly.

20         And, you know, the plaintiff indicates, Your Honor,

21    even though they have never made that request, are going

22    to be giving those documents, and they provided for that

23    in a stipulation, which we think is important.

24         We think those documents are important because they

25    could very much -- very well lead to the resolution of any

 1    issue arising, the failure of the various plaintiffs to

 2    make demand.  And so there may be disputes concerning the

 3    scope of the documents produced, the redactions that get

 4    made, and those are going to have to be resolved.

 5         So while I think it is very possible that all of

 6    that will be resolved prior to any ruling in the

 7    securities case, just out of an abundance of caution, we

 8    have asked that the stay extend also, in addition to a

 9    ruling on the securities case, that the stay also extend

10    until completion of document production pursuant to the

11    220 demand.

12         THE COURT:  Okay.

13         MR. WEISS:  I don't know if I overstated that, but

14    I think that's right.

15         THE COURT:  So let me try to understand where we

16    are with respect to that additional request.  So it could

17    be that the discovery in the 220 action in Delaware could

18    be done before Chief Judge Brimmer ruled on the securities

19    action in the lead case.  If briefing finishes in July of

20    2023 -- I don't have that docket in front of me, but I

21    assume at least right now you do not have a hearing date

22    for that motion to dismiss; is that correct?

23         MR. FELDMAN:  Your Honor, Boris Feldman.  I may be

24    wrong, but we thought that the shareholder class action is

25    in front of Judge Sweeny, not Chief Judge Brimmer.  We do

1    not have a hearing date yet in the matter.

2         THE COURT:  Okay.  Sorry, I am just trying to track

3    these various dates.  So it could very well be in front of

4    Judge Sweeny and I just saw Chief Judge Brimmer's initials

5    somewhere else.

6         Okay.  So that completes in July.  There is no

7    hearing.  And let me hear from the parties as to what

8    their respective positions are with respect to an

9    additional stay if the discovery in the 220 action does

10   not complete before Judge Sweeny rules on the motion to

11   dismiss in the securities class action.

12        MR. BROWN:  Your Honor, this is Tim Brown for

13   plaintiff Li.  So we think that making a determination as

14   to whether the case should be stayed beyond the motion to

15   dismiss stage in the class action is something that

16   doesn't need to be decided now.

17        The reason provided by Mr. Weiss in support of

18   that, as I understand it, is that their letter request --

19   I don't believe there is any litigation, there is no 220

20   action, they just sent a letter requesting -- or maybe

21   multiple letters, requesting documents, and there could be

22   an action if they are not satisfied with the production.

23        But my point is as to why that should have no

24   bearing, what happens in -- what happens and when between

25   Mr. Weiss, on behalf of his client, and Palantir in

1   providing documents, should have no bearing, I believe, on

2   your decision, Judge, on whether this case should be

3   stayed beyond the date that the parties in this case have

4   agreed to, which is the class action resolution date,

5   because of the stipulation that was filed, which provides

6   that the plaintiff, in the case before you, has agreed to

7   the stay with defendants; they are going to be getting the

8   same document.

9        So they can decide if -- we can decide -- I mean,

10  if we think that the case is ripe to move forward in

11  responding to Mr. Feldman's, on behalf of the defendants

12  anticipated motion to dismiss or not, depending on what

13  documents we have been produced.

14       So we think -- and, additionally, we think for that

15  reason that the stay -- that what the parties in this case

16  have agreed to, should be accepted.  And a motion to

17  intervene shouldn't be granted if the parties are not

18  already -- if the plaintiff -- if the plaintiff -- if

19  there is not an adequate plaintiff, if they are not being

20  adequately represented.

21       Because of the fact that we are getting the same

22  documents, there is no basis to defer to his judgment as

23  to whether or not we can -- we can decide best when it is

24  time to move forward in briefing a motion to dismiss is

25  better or not.

1     So for that reason, the motion to -- sorry, Your

2     Honor.

3          THE COURT:  No, go ahead.

4          MR. BROWN:  So for that reason, we don't think the

5     proposed intervenors have a basis to have -- to request

6     the Court to do anything substantive or procedural in this

7     case because they shouldn't intervene at all since we're

8     all similarly situated.

9          THE COURT:  Okay.  So let me unpackage that because

10    there was a lot.

11         MR. BROWN:  Sure.  Yes, Your Honor.

12         THE COURT:  So my understanding is that the

13    plaintiff opposed the motion to intervene; correct?

14         MR. BROWN:  Yes, Your Honor.  It was just filed, so

15    we haven't -- you know, it hasn't been briefed.  It

16    probably won't need to be after this hearing, but we would

17    be glad to.  But, yes, our position is that we oppose it,

18    except to the extent that -- except to the extent that the

19    proposed intervenors' relief sought is the same as ours,

20    which as you began with, Judge, correctly, is that

21    everyone agrees that at least the case should be stayed

22    through the class action motion to dismiss stage.

23         THE COURT:  Right.  But if I don't grant the

24    intervention, if the motion to intervene is denied and the

25    proposed intervenors are not permitted to intervene in

1    this action, they wouldn't have any standing or basis to

2    request a stay regardless because they would not be a

3    party to this action.

4         MR. BROWN:  That's correct, Your Honor.  And that's

5    our view on this, that it should be denied.

6         THE COURT:  All right.  So that has not been fully

7    briefed.

8         Now, turning to the motion to consolidate, given

9    the fact that you all want to stay the case, why would the

10   Court need to determine whether or not consolidation, in

11   terms of appointing a lead or co-lead counsel and lead

12   plaintiff right now, why would I have to do that right

13   now?

14        MR. BROWN:  Your Honor, well, we think that it

15   makes the litigation, not just for now, but for the

16   future, more efficient.

17        The appointment of -- the decision to appoint

18   leadership for plaintiffs in shareholder representative

19   litigation, serves the purpose of, on the one hand, of

20   defendants and plaintiffs knowing who should talk to who.

21   And I understand if there is a stay, then that issue is

22   put off until later.  So I understand that point that

23   you're suggesting, Your Honor.

24        However, the appointment of lead counsel, it also

25   serves as -- it sets an order that affects what other

1   shareholders may do in the future.

2        So as I know -- I understand already that another

3   shareholder derivative action has been filed in the

4   District of Delaware.  I have heard from Mr. Weiss on the

5   phone earlier this week that he doesn't know if he would

6   ever file a case in this court, he might file it in

7   another court, such as the Delaware Court of Chancery.

8        But by setting -- making an order as to

9   consolidating cases and appointing leadership, then what

10  it does is more plaintiffs are not going to necessarily --

11  are not going to be encouraged to file duplicative cases

12  in this Court in which they may have divergent views, from

13  not just us, but from the defendants, about, for example,

14  about whether their case should be stayed.

15       And then once the stay -- so they may not agree to

16  a stay at all, and then what happens to our cases and the

17  defendant -- what the defendants wanted, which the Court

18  apparently thinks is okay right now to stay the case.

19       Additionally, if there is -- let's say there are

20  five cases pending in this Court after the class action

21  motion to dismiss is decided, then it becomes much more

22  difficult to deal with the issue of leadership, whereas

23  right now it is quite simple, in my view.

24       THE COURT:  Okay.  All right.  Does anyone else

25  want to weigh in on that?

 1          MR. WEISS:  Yes, Your Honor.  This is Mr. Weiss, if

 2     I may.

 3          THE COURT:  Go ahead.

 4          MR. WEISS:  Thank you, Your Honor.  I think that

 5     your question was a great question, it is something that

 6     we wanted to raise.  And I think that Mr. Brown's answer

 7     is very helpful in that regard, because there is

 8     absolutely no reason to appoint lead plaintiff and lead

 9     counsel at this time in a case that they want to stay.

10     The case is going to be stayed.  What are they going to be

11     doing in the meantime?

12          And what Mr. Brown basically told you is what they

13     want to do is they want to preclude other shareholders,

14     whether it is before Your Honor or whether it is before

15     another court, but they want to preclude other

16     shareholders from coming in and perhaps being able to

17     represent to the Court that they're more qualified to

18     serve as lead plaintiff.

19          My clients, for instance, own 9,000 shares, which

20     as far as I understand, is far, far, far, far in excess of

21     the shareholdings of any other shareholder who is seeking

22     to be a plaintiff in any of these cases, and is far in

23     excess of what Mr. Brown's client has or Mr. McKenna's

24     client has.

25          My clients are real shareholders.  They are very

1    much concerned about their investment.  They are concerned

2    about the company.  And if Your Honor appoints these

3    people as lead plaintiffs now, basically they want to shut

4    out our client, they want to shut us out, and our clients

5    will be prejudiced by that.

6        THE COURT:  How would your client be prejudiced by

7    that?  Wouldn't you be able to file your own action?

8        MR. WEISS:  Maybe.  I would be able to file my own

9    action, but then the defendants are not going to want to

10   be able to -- they are not going to want to have to

11   respond to two sets of cases.  They are clearly going to

12   want to consolidate it, and once it is consolidated, it

13   would come under their leadership.

14        And, you know, the fact that the defendants are not

15   objecting to it at this point is telling, too, because,

16   yes, it is perhaps easier for them to get the plaintiffs

17   who are before you to agree to the stay by not opposing

18   their motion for lead counsel, lead plaintiffs.

19        I don't know what went on between them, but the

20   fact of the matter is that there is just no reason why --

21   what are they going to do as the lead plaintiffs?  Once

22   the stay is lifted, they can immediately file their

23   motion, we have no problem with that.  Whether the stay

24   gets lifted after the securities case gets resolved or

25   decided, the motion gets resolved, or whether the stay is

1    lifted after the documents are produced, either way, you

2    know, they can make their motion.

3            In the meantime, if, for argument sake, they go

4    ahead and they file an amended complaint before all of the

5    documents are produced and their case gets dismissed, it

6    is going to prejudice my client and, frankly, it will

7    prejudice the real party in interest, which is Palantir.

8    Palantir is the real party in interest here.

9            What purpose does it serve to Palantir for them to

10   be appointed as lead plaintiffs now?

11           THE COURT:  I guess what I am trying to figure out

12   is a couple of things functionally.  In the stipulation

13   that has been filed with respect to what may or may not

14   happen during the stay, that's at Docket Entry No. 32, it

15   indicates that during the pendency of the stay, the

16   defendants will include plaintiff in any formal settlement

17   meetings and meditations with the plaintiff in any

18   securities action and with any purported plaintiff in any

19   related filing or related threatened derivative action.

20           So it is not entirely clear to me whether or not,

21   that being opposed, intervenors will also be included in

22   those settlement meetings or mediations.  Do the

23   defendants have a position with respect to that?

24           MR. FELDMAN:  Sorry, Your Honor.  Your Honor, Boris

25   Feldman.  I am happy, obviously, to answer any questions

1       that you have.

2               On your initial question, whether we have a view on

3       intervening or an objection, we don't object to

4       intervention and we don't object to the additional stay

5       that they have requested.  We view this as largely an

6       issue among the different plaintiffs.

7               I would just add one other factor, if I may.

8               THE COURT:  Go ahead.

9               MR. FELDMAN:  Everybody has been talking that

10      assuming that the key motion here will be a motion to

11      dismiss, but I think it is likely, not guaranteed, that

12      once the stay is lifted, the key motion will be a motion

13      to transfer to the District of Delaware where there is

14      already a similar derivative action pending that just got

15      stayed the other day, so that you can sort through things,

16      and there is a provision in Palantir's bylaws that

17      requires derivative suits to be filed either in the

18      Delaware District Court or in the Delaware Court of

19      Chancery.

20              This litigation is likely to be in three courts;

21      the District of Colorado, the District of Delaware, and

22      the Delaware Court of Chancery.

23              So I didn't want to let our first meeting in the

24      case go by without flagging the motion to transfer.  Thank

25      you.

 1          MR. BROWN:  Your Honor, this is Tim Brown.  May I

 2    comment on that, or I can hold back if you would like.

 3          THE COURT:  You can comment if you would like.

 4          MR. BROWN:  All right.  Thank you.  I thought it --

 5    I mean, I don't think -- I don't think -- Mr. Feldman

 6    hasn't filed a motion to transfer as of yet, so it doesn't

 7    appear that it's pressing for me to, you know, explain why

 8    we filed here.

 9          But given that he's made that point to you, I think

10    it would -- it is important that I make this comment; that

11    it's also stated in the bylaws of the company that the

12    forum selection does not apply to any action brought to

13    enforce a duty or a liability created by the Securities

14    Act of 1933, as amended, or the Securities Exchange Act of

15    1934.

16          And, of course, we may -- we do allege violations

17    of the Exchange Act of 1934.  But I understand that that

18    would be something that Mr. Feldman may want to litigate,

19    but I don't think it's as -- I think it is far from as

20    clear cut as it was presented to you before I spoke.

21          THE COURT:  Well, obviously I appreciate that.  I

22    am not here to rule substantively on any motion today.  I

23    am really here for the status conference to understand the

24    lay of the land and to determine what order in which I

25    need to resolve things to make sure I am taking care of

1    this efficiently.

2         So let me -- it is always easier for me to start

3    with what people agree to, but within the order, it

4    appears to me that I need to first determine the motion to

5    intervene, to make a determination as to whether or not

6    these plaintiffs -- these proposed intervenors will be

7    allowed to intervene in this action or not intervene in

8    this action, because if they are not permitted to

9    intervene in the action at this time, then they would have

10   no standing in this action to make any requests with

11   respect to scheduling, staying discovery, anything like

12   that.

13        So it sounds to me from Mr. Brown that that motion

14   is going to be opposed.  It is not ripe yet.  Then, once I

15   determine the motion to intervene, then I understand who I

16   need to listen to in terms of the motion to consolidate

17   and to appoint lead plaintiff and lead counsel.  That may

18   be everyone who is on this line or that may be a subset of

19   people on that line.

20        Also, my understanding is that no one at this point

21   who is on this phone wants to proceed with this action,

22   and that they -- everyone here agrees that some amount of

23   stay, whether or not that goes to when Judge Sweeny will

24   rule on the pending motion to dismiss in the securities

25   action or not, or whether it will extend beyond that time

1    if there is additional time that is necessary to wrap up

2    this 220 proceeding in Delaware, that's still outstanding.

3         One issue that I have, just from a logistical

4    standpoint, is that staying a case for potentially 6 to 8

5    months, it would not be my be preference.  My preference

6    would be to administratively close the case and then have

7    it re-opened for good cause once you all sort out whatever

8    needs to be sorted out.

9         The reason for that is that to the extent that this

10   case is going to be subject to some sort of negotiation or

11   settlement discussions and/or it's going to proceed in

12   this Court, in some ways it doesn't seem like the time

13   that that takes should be charged against this case for

14   purposes of the Civil Justice Reform Act.

15        So let me hear from you all now that I have sort of

16   set out the order by which I think I need to determine

17   things, if anyone has a dispute or a concern about the

18   order in which I decide things, not the substance of what

19   I decide.

20        MR. FELDMAN:  For defendants, Your Honor, it is

21   Boris Feldman.  I think you laid it out brilliantly, and

22   we have no objection to going on your suspended calendar

23   or whatever keeps the clock from ticking.  Thank you.

24        MR. BROWN:  Your Honor, this is Tim Brown for

25   plaintiff Li.  What you have proposed seems reasonable to

1    me, so, thank you.

2         MR. WEISS:  Your Honor, this is Mr. Weiss on behalf

3    of the proposed intervenors.  I think that you really hit

4    the nail on the head.  We would agree with that schedule,

5    and we would agree that administratively closing the case

6    would be the proper course to go forward, but, again, not

7    appointing lead counsel, lead plaintiff on a case that is

8    either going to be administratively closed or stayed.

9         And without trying Your Honor's patience, I just

10   want to mention that Mr. Brown did tell you that a

11   complaint raises claims under the 1934 Act, the Securities

12   Act.  And as Your Honor is aware, there is a presumption

13   that the most adequate plaintiffs in those cases, as a

14   lead plaintiff, is the one with the largest financial

15   interest in the case, which is where my client is at.  We

16   have, by far, the largest financial interest.

17        And as Mr. Feldman told you, the case in Delaware

18   was stayed.  And so we have no lead -- someone can correct

19   me if I am wrong, but there were no lead plaintiffs that

20   were appointed in Delaware on a case that is being stayed,

21   and it shouldn't happen here, either.

22        MR. BROWN:  Your Honor, could I comment on that,

23   this is Mr. Brown?

24        THE COURT:  You may, Mr. Brown, but my sense is

25   that you all are going to ask me to set oral argument on

1    the motion to intervene.  So if you would like to address

2    that now, that's fine, but really I am not hear to listen

3    to arguments with respect to the merits.

4         MR. BROWN:  Okay.  That is fine.  I will wait, Your

5    Honor.  But if I could just -- can I just -- I will just

6    speak for maybe 15 seconds only instead of 2 minutes, to

7    be further distracting, as maybe I have been.

8         But in the District of Delaware, the case Mr. Weiss

9    referenced, obviously no one was appointed lead plaintiff

10   because there was only one case that was filed there.  And

11   he mentioned about -- he mentioned a few times that his

12   client has a lot of stock.  And he and I talked a lot

13   before about this, but the PSRLA, which sets the rules for

14   appointment of lead plaintiff in securities class actions;

15   that the amount of loss of a shareholder is a largely

16   influential factor in making that determination of who is

17   lead, but that is not the case for shareholder derivative

18   cases.  There is no case that says that.

19        But, in any event, I will stop there.  And, yes,

20   Your Honor, I would -- if we could set the schedule, I

21   suppose, for briefing the motion to intervene and having

22   oral argument, I would appreciate that.

23        THE COURT:  Okay.  So the schedule is already set

24   pursuant to our local rules.  So unless you all need some

25   modification to that schedule, the original motion to

1    intervene was filed on February 21, 2023.  And then under

2    our local rules, that would mean that you would have 21

3    days to respond.  So that would take us to March 14th.

4    And then any reply would be due no later than March 28th.

5          Do you need a modification to that schedule?

6          MR. BROWN:  Your Honor, actually, I think that that

7    is fine, but thank you for asking sort of in response to

8    my request.  But, yes, that is fine.

9          THE COURT:  Okay.  So then that would then take us

10   to at least April, but realistically potentially later

11   given my docket for an oral argument, which I would

12   conduct, just so you all know, in person.  So looking at

13   my own schedule, one of the challenges of being a new

14   Article III judge is that I inherited parts of dockets

15   from five of my colleagues, and I tried very hard to keep

16   all of the trial dates associated with those dockets in

17   place, which means that I have a trial every week starting

18   in March for quite a while.

19         So not to involve you with my heavy trial docket,

20   but the first day that I see that I could accommodate you

21   all for an oral argument would be May 5, 2023, which is a

22   Friday.

23         MR. BROWN:  Your Honor, this is Tim Brown.  That

24   day would be fine for me.

25         MR. WEISS:  Do you know what time it would be, Your

1    Honor?

2         THE COURT:  I would be inclined to set you all in

3    the morning, only because I'm freshener in the morning, so

4    I would be inclined --

5         MR. WEISS:  Did you say that would be in person?

6         THE COURT:  It would be in person.

7         MR. WEISS:  I have a problem with May 5, that

8    Friday.

9         THE COURT:  Okay.  Then the next opening that I

10   have then is Thursday, May 18th.

11        MR. WEISS:  Your Honor, I am being difficult, I

12   apologize, but the granddaughter is getting married on the

13   18th.

14        THE COURT:  Well, that seems like a good excuse.

15        MR. WEISS:  Yes.  I am glad it's there.

16        THE COURT:  What about the following week, May

17   24th, it's a Wednesday?

18        MR. WEISS:  That would be good.

19        MR. BROWN:  Yes, Your Honor, that would be fine.

20   Since we are pushing back the hearing, if we can have an

21   extra week to write our opposition, I would appreciate

22   that.  But, if not, it is fine.

23        MR. WEISS:  We have no problem with that.

24        THE COURT:  Well, let's hear first from defense

25   counsel with respect to May 24th.  It sounds like defense

1   counsel doesn't have an objection to the requested

2   intervention, but I am assuming that defense counsel will

3   still want to be here, but obviously that is up to you

4   all.

5        MR. MCKENNA:  Your Honor, I am going to be in the

6   gallery with popcorn for this one.

7        THE COURT:  All right.  So why don't we set you all

8   for May 24th, that is a Wednesday.  We will begin at 10:00

9   a.m., and then we will set that motion to intervene.

10       Now, let me ask you this in terms of trying to be

11  the most efficient.  I would be inclined also to take any

12  argument with respect to other pending motions at that

13  time.  Obviously I need to decide the intervention first,

14  but it doesn't seem to me like an efficient use of our

15  time, if I don't use that same time that you are in front

16  of me, to hear any arguments that you might want to make

17  with respect to the appointment of lead counsel and lead

18  plaintiff.  I think a joint motion to stay, we don't need

19  argument on.

20       That being said, before the proposed intervenors

21  have an opportunity to know whether or not they will be

22  able to intervene or not intervene, it seems like I can't

23  give you a right to file a written opposition to the

24  motion to consolidate.  So you would be making those

25  arguments without knowing whether or not I am permitting

1    the intervention and without a formal written response.

2         So I guess the question is, do you want me to hear

3    any argument with respect to that or would you prefer,

4    Mr. Weiss, to get a determination on the motion to

5    intervene and then have an opportunity to file a written

6    response?

7         MR. WEISS:  I am not sure if I understand.  Is Your

8    Honor suggesting deciding the motion to intervene before

9    the oral argument on --

10        THE COURT:  No.  My question really is, the way I

11   set it up, I need to make a determination on the motion to

12   intervene; that tells me who I can hear from with respect

13   to the motion to consolidate.  If you are permitted to

14   intervene, obviously I would want to hear from you with

15   respect to whether or not lead plaintiff should be

16   appointed now or later and who that lead plaintiff should

17   be and who lead counsel should be.

18        So if I heard from -- I am just trying to be the

19   most efficient.  My sense is that you all have your

20   argument sort of lined up, but until you know and everyone

21   knows whether or not you are going to be allowed to

22   intervene, it seems like it would be premature for me to

23   allow you to file a written opposition to the motion to

24   consolidate.

25        MR. BROWN:  Your Honor, this is Tim Brown.  Sorry.

1    You know, I've briefed several motions to intervene over

2    the months, and I think that this one filed by Mr. Weiss

3    is similar to others, in that the -- really the relief

4    sought to intervene can't really be separated from the

5    main relief that is really being sought, which is, you

6    know, to stay the case for a different duration than the

7    parties initially sought, and to prevent lead counsel from

8    being appointed.

9         So I don't -- so my feeling is that it's sort of

10   necessary for them to be -- not necessary, but it is

11   natural, I mean to say, for those issues all to be decided

12   at the same time, especially because the basis for

13   intervening that is provided in the motion is that the

14   relief that -- the very relief that they are seeking is

15   necessary.

16        So I would suggest that the intervention -- request

17   for intervention by Mr. Weiss, request for consolidation

18   and appointment for co-lead counsel by the plaintiff, that

19   it all be determined at the same time by Your Honor if

20   that pleases you, Your Honor.

21        THE COURT:  Okay.  Mr. Weiss?

22        MR. WEISS:  I don't have a problem with that, Your

23   Honor.  I think it is all tied together, but I guess that

24   I would just say that if Your Honor determines to

25   basically, under the circumstances, for administrative

1    purposes, take us off the docket, to close the cases, then

2    perhaps you would have a nice morning discussing this, and

3    I think productively, but I just don't know that you are

4    going to need to go further than that.

5         THE COURT:  I'm assuming, Mr. Weiss, that you would

6    like an opportunity to file a written response with

7    respect to why it is not appropriate to currently appoint

8    a lead plaintiff and lead counsel; is that right?

9         MR. WEISS:  That's correct.  That's correct.

10        THE COURT:  And do you think that you can do that

11   on the same timeline as the briefing that is being

12   anticipated on the motion to intervene?

13        MR. WEISS:  Yes, Your Honor.

14        THE COURT:  I think that Mr. Brown asked for an

15   additional week, which instead of March 14th, would be

16   March 21st, and then any replies would not be due on March

17   28th, they would be done on April 4th.

18        MR. WEISS:  That is fine with us, Your Honor.  No

19   problem.

20        THE COURT:  All right.  So why don't we do that.

21   And then on May -- I think we settled on May 24th, we will

22   hear oral argument on both of those.

23        MR. FELDMAN:  Your Honor, Boris Feldman.  Yes, Your

24   Honor.  Just one housekeeping item.  If the stay

25   stipulation has been entered, then it would formally be

```
1    clear that the defendants did not need to respond to
2    either the complaint.  Since Your Honor may or may not
3    enter the stay stipulation at this time, it is,
4    nevertheless, our understanding that we don't need to
5    respond to the complaint until you sort through all of
6    these issues.
7         THE COURT:  I think that would be advisable.  I
8    don't know that there is any objection to that.
9         Mr. Brown, any objection?
10        MR. BROWN:  Your Honor, this would be fine with me
11   as long as it is understood that the terms of the
12   supplemental stay stipulation that we filed, that during
13   this sort of de facto stay through the time that you rule
14   on these motions, that while we are waiting, that those
15   terms remain in effect, such as you read one about
16   mediation, and I recited one about document production.
17        As long as those are in effect, then we would have
18   no objection to Mr. Feldman not having to respond to the
19   complaint.
20        THE COURT:  Okay.  So what would be helpful for me,
21   Mr. Feldman, again just because there is always a chance
22   that some other judicial officer may have to pick up this
23   file at some point or another, is for defendant to file a
24   stipulated motion for extension of time to respond to the
25   complaint.
```

1          MR. FELDMAN:  Will do, Your Honor.

2          THE COURT:  It also doesn't sound to me like,

3     again, there is really any objection to the consolidation

4     of this case with the case currently pending before

5     Magistrate Judge Neureiter; is that correct?

6          MR. FELDMAN:  True for defendants, Your Honor.

7          MR. WEISS:  Fine with me, Your Honor, too.  I don't

8     know that I have standing to object, but I don't object.

9          MR. BROWN:  This is Tim Mr. Brown.  It is our

10    motion.  So, yes, Your Honor, we would like the cases to

11    be consolidated.

12         THE COURT:  So I think I can facilitate that

13    consolidation even before I start ruling on some other

14    substantive issues.  And then, of course, I can't stay the

15    matter, although I can adopt the stipulation proposed by

16    the parties within the court order to make it clear that

17    that is what is going to happen pending resolution of

18    other pending motions.

19         And then finally, it sounds to me like we have

20    agreed upon a briefing schedule, a hearing, and that in

21    the interim, Mr. Feldman or his colleagues are going to

22    file this unopposed motion for extension to respond, and I

23    can take care of that, as well.

24         So we will tidy up the case a little bit, although

25    we will still need to rule on the substantive issues.  How

1    does that sound to everybody?

2          MR. FELDMAN:  For defendants, perfect, Your Honor.

3    Thank you.

4          MR. BROWN:  This is Tim Brown.  Thank you, Your

5    Honor.

6          THE COURT:  Okay.  So anything else that would be

7    helpful to discuss today, counsel?

8          MR. BROWN:  Nothing else from plaintiff.  Thank

9    you.

10         THE COURT:  All right.  Hearing nothing further, I

11   appreciate you all being on the line today, and we will be

12   in recess.

13         (Proceedings conclude at 11:53 a.m.)

14         **R E P O R T E R ' S   C E R T I F I C A T E**

15         I, Darlene M. Martinez, Official Certified

16   Shorthand Reporter for the United States District Court,

17   District of Colorado, do hereby certify that the foregoing

18   is a true and accurate transcript of the proceedings had

19   as taken stenographically by me at the time and place

20   aforementioned.

21         Dated this 9th day of March, 2023.

22

23         _____

24         s/Darlene M. Martinez

25         RMR, CRR