# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 22-cv-03028-NYW-STV

YONGFENG LI, derivatively on behalf of Palantir Technologies Inc.,

    Plaintiff,

v.

ALEXANDER C. KARP,
DAVID GLAZER,
SHYAM SANKAR,
STEPHEN COHEN,
ALEXANDER MOORE,
SPENCER RASCOFF,
ALEXANDRA SCHIFF,
LAUREN FRIEDMAN STAT, and
PETER THIEL,

    Defendants,

and

PALANTIR TECHNOLOGIES INC.,

    Nominal Defendant.

---

## ORDER

---

This matter is before the Court on:

(1) the Motion for Consolidation and Appointment of Co-Lead Counsel ("Motion for Consolidation") [Doc. 25, filed February 14, 2023] filed by Plaintiff Yongfeng Li ("Mr. Li") and Gerald Parmenter ("Mr. Parmenter") (collectively, with Mr. Li, "Plaintiffs"), the plaintiff in *Parmenter v. Karp et al.*, Civil Action No. 23-cv-00118-CNS-NRN;

(2) the Joint Motion to Stay Action Pending Resolution of Motion to Dismiss in Related Securities Class Action ("Motion to Stay") [Doc. 26, filed February 14, 2023]; and

(3) the Memorandum of Law in Support of Ezra, Lisa and Saul Cattan's Motion to Intervene for a Limited Purpose ("Motion to Intervene") [Doc. 30, filed February 21, 2023] filed by Ezra, Lisa, and Saul Cattan ("Proposed Intervenors"). These Motions are fully briefed, and on May 24, 2023, the Court heard oral argument on these Motions.

I.     **Motion for Consolidation**

The Motion for Consolidation is unopposed by the Parties as well as the Proposed Intervenors to the extent that it seeks consolidation of this case and *Parmenter v. Karp et al.*, Civil Action No. 23-cv-00118-CNS-NRN. Plaintiffs contend that both cases "assert breach of fiduciary duty claims and violations of Section 14(a) of the Exchange Act on behalf of Palantir and against certain Palantir officers and directors in connection with their allegedly misleading representations to the public regarding Palantir's EPS figures being negatively affected by the Company's marketable securities investments, Palantir's sustainability in respect to growth and revenue for government clients, and Palantir's overstated success driven by global conflicts and market disruptions." [Doc. 25 at 5]. If the Court both grants consolidation and permits intervention, the Motion for Consolidation is opposed by Proposed Intervenors to the extent that it seeks the appointment of The Brown Law Firm, P.C. and Gainey McKenna & Egleston as "Co-Lead Counsel" for the consolidated cases. [*Id.* at 2–3; Doc. 30; Doc. 46].

Rule 42(a) of the Federal Rules of Civil Procedure permits courts to consolidate actions which involve "a common question of law or fact." The Motion for Consolidation is properly before this Court pursuant to this District's Local Rules, which contemplate that "[a] motion to consolidate . . . shall be decided by the district judge to whom the lowest numbered case is assigned." D.C.COLO.LCivR 42.1. "Whether to consolidate is vested in the broad discretion of the district court." *Gilles* v. *Ocwen Loan Serv. LLC*, No. 21-cv-01825-RM-KMT, 2021 WL

2

3773644, at *1 (D. Colo. Aug. 25, 2021) (citing *Am. Emps.' Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976)).  Based on the record before it, the Court concludes that the Motion for Consolidation should be granted to the extent of consolidation, but that the appointment of lead counsel can be deferred until either Plaintiff decides to move forward with his case.  Such a procedure will allow the respective parties to better define the scope of this action and develop the record before the Court, and this Court finds no prejudice to either Mr. Li or Mr. Parmenter to defer the determination of lead counsel.  Fed. R. Civ. P. 1.

II.     **Motion to Stay**

The Motion to Stay is unopposed.  It requests that this case be stayed until the resolution of a motion to dismiss that will likely be filed in a related case pending in this District, *Cupat v. Palantir Techs. Inc.*, Civil Action No. 22-cv-02384-GPG-SP.  *See* [Doc. 26 at 3].  However, the Court finds administrative closure of this case, subject to reopening for good cause, to be more appropriate.  The Local Rules provide that:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion.  Reopening of a civil action does not reinstate any motion.

D.C.COLO.LCivR 41.2.  Administrative closure is construed as "the practical equivalent of a stay."  *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987).  It is a way for the Court to manage its docket by "shelv[ing] pending, but dormant, cases[]" without a final adjudication.  *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999).  Demonstrating good cause to reopen an administratively closed matter is not onerous; rather, "good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review."  *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation omitted); *see*

3

*also Frederick v. Hartford Underwriters Ins. Co.*, No. 11-cv-02306-RM-KLM, 2015 WL 1499662, at *1 (D. Colo. Mar. 27, 2015) ("Here, Defendant seeks a determination of the parties' rights and claims. Thus, good cause exists to reopen the matter." (internal citation omitted)).

In light of the Parties' request that this case be stayed pending the resolution of a motion that has not yet been filed, and the uncertainty as to the timeframe and substance of the resolution of that contemplated motion, the Court finds good cause to administratively close this case under Local Rule 41.2, with leave to reopen for good cause, including but not limited to the resolution of a motion to dismiss in *Cupat v. Palantir Techs. Inc.*, Civil Action No. 22-cv-02384-GPG-SP. The same reasoning applies to the consolidated *Parmenter* case, where the only pending motion is a similar Joint Motion to Stay Action Pending Resolution of Motion to Dismiss in Related Securities Class Action. *Parmenter v. Karp et al.*, No. 23-cv-00118-CNS-NRN [ECF No. 14]. With both cases administratively closed, the Court need not reach the Motion to Intervene filed by Proposed Intervenors at this time.

## CONCLUSION

Upon review of the file of this case and the file in Case No. 23-cv-00118-CNS-NRN, and for the reasons set forth herein, **IT IS ORDERED** that:

(1) The Motion for Consolidation [Doc. 25] is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**;

(2) Pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCivR 42.1, the Clerk of Court shall **CONSOLIDATE** this case with *Parmenter v. Karp et al.*, Civil Action No. 23-cv-00118-CNS-NRN;

4

(3) Upon consolidation, the Clerk of Court is directed to **REASSIGN** *Parmenter v. Karp et al.*, Civil Action No. 23-cv-00118-CNS-NRN, to this Court as the presiding judge and to Magistrate Judge Scott T. Varholak as the referral judge;

(4) The Parties shall file all pleadings and papers in this action under the caption of:

Civil Action No. 22-cv-03028-NYW-STV
*Consolidated with Civil Action No. 23-cv-00118-NYW-STV*

(5) The Motion to Intervene [Doc. 30] is **DENIED WITHOUT PREJUDICE**;

(6) The Motion to Stay [Doc. 26] is **GRANTED IN PART AND DENIED IN PART**;

(7) This case is **ADMINISTRATIVELY CLOSED**, subject to reopening for good cause shown; and

(8) Upon consolidation and reassignment, the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** *Parmenter v. Karp et al.*, Civil Action No. 23-cv-00118-NYW-STV, subject to reopening for good cause shown.

DATED: May 25, 2023            BY THE COURT:

_____
Nina Y. Wang
United States District Judge